LILLIAN C. WHALEY v.
LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

(Filed 31 October 1962.)

**Insurance § 25—**

The plain and unambiguous terms of the supplemental agreement for additional insurance in this case *held* to provide a lump sum which should be the maximum amount to be paid under the entire contract, with schedule of decrease in the amount for each year insured should live after the execution of the supplement agreement, and not to provide for payments of the maximum amounts stipulated in the supplement in addition to the face amount of the original policy.

APPEAL by plaintiff from *Bundy, J.,* May 1962 Civil Term of WAYNE.

On 1 February 1954 defendant issued its policy of insurance on the life of plaintiff's husband. She is the named beneficiary. The face amount of the policy is $2,025. By supplemental agreement defendant agreed to pay an additional sum if death occurred within fifteen years. The amount payable, decreasing each year, is fixed by Schedule A. He died in June 1959. Plaintiff demanded $9,255.53 in settlement of defendant's obligation. It tendered $6,810.12. Plaintiff rejected the tender and brought suit for the amount claimed.

The parties waived jury trial. Judge Bundy found the facts, which are not controverted, and rendered judgment for the sum tendered. Plaintiff appealed.

*Scott B. Berkeley for plaintiff appellant.*
*Taylor, Allen & Warren and John H. Kerr III, by W. F. Taylor for defendant appellee.*

PER CURIAM. The amount owing plaintiff is determined by the provisions of the policy. Plaintiff asserts the contract insured for a fixed sum of $2,025 plus an additional $9,000, and Schedule A applies only to the additional insurance.

Defendant says the maximum amount payable under the policy was $9,000, and this sum decreased as insured's age increased, as set out in Schedule A. If this is the proper construction of the policy, the judgment is correct.

The supplemental contract which provided the additional insurance also designates "THE METHOD OF SETTLEMENT OF THE FACE AMOUNT OF THIS POLICY AND OF THE BENEFITS HEREIN PROVIDED." The supplement further provides:

"2. This Supplemental Contract, during the period it is in force provides additional life insurance for the term of years stated herein and also sets out the method of settlement of the face amount of this Policy as well as the additional insurance benefits herein provided. The payments hereinafter stated include both the face amount of this Policy and the additional life insurance provided by this Supplemental Contract.

"3. . . .[I]f the death of the insured should occur within fifteen years from the Date of Issue of this Supplemental Contract. . .the Company will pay the face amount of this Policy and the additional insurance benefits provided by this Supplemental Contract in the following manner:

"A. A lump sum of Nine Thousand Dollars decreasing according to Schedule A immediately upon receipt of due proof of the death of the Insured."

The language selected to fix the amount to be paid on insured's death is too plain to require construction; $9000 is the maximum. Using this sum, the amount tendered is admittedly correct.

Affirmed.

DENNY, C.J., took no part in the consideration or decision of this case.